*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00607-CV

Irma **CONTRERAS**,
Appellant

v.

Ruben **CONTRERAS**,
Appellee

From County Court at Law No. 1, Webb County, Texas
Trial Court No. 2006-CVQ-000966-C1
Honorable Alvino "Ben" Morales, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    January 7, 2009

REVERSED AND REMANDED

This is an appeal from the trial court's order in which the court declared as void a prior order awarding a portion of appellee's retirement benefits to appellant. We reverse and remand. As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not recite them here except as necessary to advise the parties of this Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

**DISCUSSION**

In the underlying dispute, appellant filed a Petition for Division of Property Not Divided on Divorce, in which she alleged she is entitled to a percentage of appellee's gross monthly annuity from his retirement plan, (2) a percentage of any refund of employee contributions to which appellee may be entitled and apply for under his retirement plan, and (3) a percentage of the former spouse survivor annuity under his retirement plan. The trial court ultimately determined appellant was not entitled to the relief she sought because her claims were barred by limitations as set forth in Texas Family Code section 9.202. In her first issue, appellant asserts the trial court erred in concluding her claims were barred by limitations. We agree.

The Texas Family Code provides that a "suit [for division of property not divided on divorce] . . . must be filed before the second anniversary of the date a former spouse unequivocally repudiates the existence of the ownership interest of the other former spouse and communicates that repudiation to the other former spouse." TEX. FAM. CODE. ANN. § 9.202 (Vernon 2006). Other than appellee's answer to appellant's petition, in which he raised limitations as an affirmative defense, and his petition for declaratory relief, in which he did not raise limitations, the record on appeal does not contain any motion filed by appellee affirmatively requesting relief based on the statute of limitations. No hearing was held, and, it appears, no evidence was submitted to the trial court on the issue of limitations. Therefore, nothing in the record shows appellee either unequivocally repudiated the existence of appellant's ownership interest in his retirement benefits or that he communicated such a repudiation to her. Therefore, the trial court erred in determining, on this record, that appellant's claim was barred under section 9.202.

In her second issue, appellant asserts she is entitled to fifty percent of appellee's retirement benefits. The merits of appellant's claim depends upon whether all property was divided when the original divorce decree was signed. This issue is for the trial court to consider upon remand. Therefore, we do not address Irma's second complaint on appeal.

## CONCLUSION

We sustain appellant's first issue on appeal and reverse the trial court's judgment and remand for further proceedings.

Sandee Bryan Marion, Justice